**Jed W. Manwaring, ISB #3040**
**Scott R. Rowley, ISB #9808**
**EVANS KEANE LLP**
**1161 W. River Street, Suite 100**
**P. O. Box 959**
**Boise, Idaho  83701-0959**
**Telephone:  (208) 384-1800**
**Facsimile:   (208) 345-3514**
**E-mail:  jmanwaring@evanskeane.com**
            **srowley@evanskeane.com**

**Attorneys for Trustee, Timothy R. Kurtz**

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**GARTH D. OLSON,**<br><br>    Debtor. | **Case No. 19-01285-NGH**<br><br>**Chapter 7** |
| **TIMOTHY R. KURTZ, Trustee,**<br><br>    Plaintiff,<br><br>vs.<br><br>**GARTH D. OLSON, JEDILYN F. OLSON aka JEDILYN A. FERNANDEZ, and LOANCARE LLC and/or NEWREZ LLC,**<br><br>    Defendants. | **Adv. Pro. No. 22-06005-NGH** |

### DECLARATION OF TRUSTEE'S COUNSEL

JED W. MANWARING, declares and states as follows:

*DECLARATION OF TRUSTEE'S COUNSEL - 1*

1.      I am the attorney for Chapter 7 Trustee appointed in the above bankruptcy case and have personal knowledge of the facts stated below.  I am the custodian of discovery responses and transcripts of testimony in the above case.

2.      Attached as Exhibit D are further excerpts of the transcript of the 2004 Examination of Garth D. Olson taken on April 12, 2022, including pgs 2-9, 22-29, and 38-39.

Pursuant to Idaho Code § 9-1406, Idaho Rules of Civil Procedure 2.7, and 28 U.S.C. § 1746, I declare under penalty of perjury pursuant to the laws of the state of Idaho that the foregoing is true and correct, to the best of my knowledge.

DATED this 27th  day of September, 2022.

_____
Jed W. Manwaring, attorney for Trustee

*DECLARATION OF TRUSTEE'S COUNSEL - 2*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th  day of September, 2022, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

- **D Blair Clark**  dbc@dbclarklaw.com, mbc@dbclarklaw.com; maryann@dbclarklaw.com; jackie@dbclarklaw.com; ecf.dbclaw@gmail.com; G69536@notify.cincompass.com

- **Timothy R. Kurtz**   trk@kurtztrustee.com, meg@kurtztrustee.com; jmh@kurtztrustee.com; ID20@ecfcbis.com

- **Lewis Nishioka Stoddard**    lewis@hwmlawfirm.com, judianne@ecf.courtdrive.com; jessica@hwmlawfirm.com

_____/s/ Jed W. Manwaring_____
Jed W. Manwaring

*DECLARATION OF TRUSTEE'S COUNSEL - 3*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO


In Re:                          )

GARTH D. OLSON,                 )  Case No. 19-01285-NGH

       Debtor.                  )  Chapter 7

_____  )


RULE 2004 EXAMINATION OF GARTH D. OLSON

TAKEN APRIL 12, 2022


REPORTED REMOTELY BY:

BEVERLY A. BENJAMIN, CSR No. 710

Notary Public


Exhibit D

In Re: Garth D. Olson, debtor

Garth D. Olson
April 12, 2022

Page 2

```
 1          THE RULE 2004 EXAMINATION OF GARTH D. OLSON
 2  was taken on behalf of the Chapter 7 Trustee via Zoom
 3  videoconference, commencing at 10:08 a.m. on April 12,
 4  2022, before Beverly A. Benjamin, Certified Shorthand
 5  Reporter and Notary Public within and for the State of
 6  Idaho, in the above-entitled matter.
 7                     APPEARANCES:
 8  For Trustee Timothy R. Kurtz:
 9          Evans Keane, LLP
10          BY MR. JED W. MANWARING
11          1161 W. River Street, Suite 100
12          Boise, Idaho  83701-0959
13          jmanwaring@evanskeane.com
14  For Debtor Garth D. Olson:
15          DeFord Law PC
16          BY MR. R. GEORGE DEFORD
17          317 12th Avenue South
18          Nampa, Idaho 83651
19          rgdeford@defordlaw.com
20  For Jedilyn Fernandez:
21          Law Office of D. Blair Clark PC
22          BY MR. D. BLAIR CLARK
23          967 E. Parkcenter Blvd., No. 282
24          Boise, Idaho 83706
25          dbc@dbclarklaw.com
```

Page 4

```
               I N D E X
 2  TESTIMONY OF GARTH D. OLSON              PAGE
 3  Examination by Mr. Manwaring               6
 4  Examination by Mr. Kurtz                  28
 5  Further Examination by Mr. Manwaring      31
 6  Examination by Mr. Clark                  32
 7  Further Examination by Mr. Manwaring      35
 8  Further Examination by Mr. Clark          36
 9  Examination by Mr. DeFord                 37
10  Further Examination by Mr. Manwaring      38
11
12               E X H I B I T S
13  NO.      DESCRIPTION                     PAGE
14  Exh 1  -  Petition and schedules           8
15  Exh 2  -  Warranty deed                   11
16  Exh 3  -  Deed of Trust                   17
17  Exh 4  -  Divorce decree                  17
18
19
20
21
22
23
24
25
```

Page 3

```
 1  The Trustee:
 2          Hawley, Troxell, Ennis & Hawley, LLP
 3          MR. TIMOTHY R. KURTZ
 4          877 Main Street, Suite 1000
 5          P.O. Box 1617
 6          Boise, Idaho  83701-1617
 7          tkurtz@hawleytroxell.com
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

```
 1          THE REPORTER: The attorneys participating in
 2  this proceeding acknowledge that I am not physically
 3  present in the proceeding room and that I will be
 4  reporting this proceeding remotely.  They further
 5  acknowledge that the witness will be sworn in remotely
 6  by me and that the testimony will have the same force
 7  and effect under the rules as an in-person deposition.
 8  The parties and their counsel consent to this
 9  arrangement and waive any objections to this manner of
10  reporting.
11          Please indicate your agreement by stating your
12  name and your agreement on the record.  Also, if there
13  is anyone present in the room with you not on video,
14  please so indicate.
15          MR. MANWARING: Jed Manwaring representing the
16  Trustee, Timothy Kurtz, and I agree to that recitation,
17  and there is no one else in my room.
18          MR. DeFORD: I'm George DeFord.  I represent
19  Garth Olson in the bankruptcy.  There is no one else in
20  my room, and I do agree to the terms that you have
21  recited.
22          MR. CLARK: This is Blair Clark.  I represent
23  Jedilyn Fernandez.  There is one other person in the
24  room, but she's not involved in this at all, and I agree
25  to this.
```

In Re: Garth D. Olson, debtor

Garth D. Olson
April 12, 2022

Page 6

1   MR. KURTZ: My name is Timothy Kurtz. I'm the
2   Trustee. I agree to the terms. There is no one else in
3   this room.
4          GARTH D. OLSON,
5   first duly sworn to tell the truth relating to said
6   cause, testified remotely as follows:
7
8          EXAMINATION
9   QUESTIONS BY MR. MANWARING:
10  Q. Mr. Olson, can you hear me fine?
11  A. I can.
12  Q. This is the time and place for the Rule 2004
13  Examination of the Debtor Garth Olson.
14      My name is Jed Manwaring representing the
15  Trustee, Timothy Kurtz.
16      Mr. Olson, this is a procedure similar to a
17  deposition in mechanics, but it's not really a
18  deposition. It's just a rule under the bankruptcy rules
19  that allows someone to take the debtor's statements
20  under oath.
21      So you understand you are under oath and need
22  to tell the truth just like you were in the courtroom;
23  correct?
24  A. I do.
25  Q. And if anybody, if you or anybody needs to

Page 7

1   take a break, just say so and we'll take a break. If
2   you don't understand the question, you can tell me, I
3   don't understand, or Please clarify such and such.
4       Occasionally one of the other persons on the
5   line, on the Zoom process, may interject a statement or
6   an objection. So in that case, just stop talking and
7   we'll see what that person has to say. All right?
8       Do you have any questions about the procedure?
9   A. No.
10  Q. All right. Initially, I'm going to run
11  through a bunch of questions from the petition and the
12  schedules that we know the answer to, and you are
13  thinking to yourself, Why is this idiot asking these
14  questions that we know the answer to? But this is going
15  to be reduced to a transcript, and we have to have the
16  background, the foundation, and the details. Oftentimes
17  it helps as we proceed. Okay?
18  A. Yeah, okay.
19  Q. All right. Please state your name and spell
20  your last name.
21  A. My name is Garth Dennis Olson, O-l-s-o-n.
22  Q. How old are you?
23  A. I am 55.
24  Q. What is your address presently?
25  A. 50 Emma Street, Payette, Idaho 83661.

Page 8

1   Q. Is that the residence where you now reside?
2   A. Yes.
3   Q. Okay. So I'm going to just share a screen
4   here. This is your bankruptcy petition and schedules.
5   Do you see that?
6   A. I do.
7   Q. And there is 50 pages here, and I just want to
8   verify a few things here. You filed a Chapter 13
9   petition on October 31, 2019; correct?
10  A. Correct.
11  Q. And then I'll just go through some of the
12  details here. I have scrolled down in the petition --
13  and, by the way, this will be marked Exhibit 1.
14      (Exhibit 1 marked.)
15  Q. (BY MR. MANWARING) You recognize it as the
16  petition and schedules that you filed in the bankruptcy
17  court; correct?
18  A. Yes.
19  Q. I've scrolled down to page 10, Schedule A.
20  Are you able to see my cursor moving around?
21  A. I do.
22  Q. All right. So question No. 1 on Schedule A
23  says: "Do you own or have any legal or equitable
24  interest in any residence, building, land, or similar
25  property?" And you answered 50 Emma Street in Payette,

Page 9

1   Idaho; correct?
2   A. Correct.
3   Q. Then I'm scrolling down in Exhibit 1, the
4   petition and schedules again, down to Schedule C, which
5   is page 17 of the exhibit. And this is your claims of
6   exempt property, and under paragraph 2 you listed:
7   Claiming a homestead exemption in 50 Emma Street,
8   Payette; correct?
9   A. Correct.
10  Q. Then going down to Schedule D, these are
11  creditors who have claims in property. And you listed
12  under 2.2 LoanCare, LLC, which is a lender on 50 Emma
13  Street, Payette, Idaho; correct?
14  A. Correct.
15  Q. Then I'm scrolling down to Schedule H, which
16  is page 30 of the petition and schedules, Exhibit 1, and
17  the question is: Are there any co-debtors on any of the
18  debts? And in 3.1 you list Jedilyn A. Fernandez, and
19  you list her as the co-debtor on Schedule D, line 2.2,
20  which is the LoanCare loan on the home; correct?
21  A. Correct.
22  Q. And her address is in Detroit, Michigan;
23  correct?
24  A. Correct.
25  Q. Then I want to scroll down in Exhibit 1 to

In Re: Garth D. Olson, debtor

Garth D. Olson
April 12, 2022

Page 22

1  so that it was livable.
2      Q.  If a toilet got plugged, you took care of it?
3      A.  Correct.  I replaced, I think, one toilet.  I
4  fixed the -- I replaced an element in the furnace,
5  replaced the kitchen sink, stuff like that.
6      Q.  Took care of the lawn.
7      A.  I mowed the lawn.  I watered the lawn.  I
8  didn't replace the irrigation system.  It broke; so I
9  had to fix that so that I could hook a hose up to it and
10  water the lawn.
11      Q.  If the roof leaked you would fix it?
12      A.  No.  She replaced the roof on her own.
13      Q.  Okay.
14      A.  I did absolutely the very least I had to
15  because I wanted out of that house.  I didn't want to
16  live there.
17      Q.  So she left to Michigan.
18      A.  Correct.
19      Q.  And you lived in the home with your children;
20  correct?
21      A.  Correct.  One of them at that time.
22      Q.  Okay.  With Aisha; right?
23      A.  Yes.
24      Q.  She would have been how old at the time of the
25  divorce?

Page 23

1      A.  Eleven.
2      Q.  So you had the 11-year-old daughter, and you
3  had possession of the home, and you maintained the home
4  for Aisha; correct?
5      A.  Well, to some degree.  I mean, like I said --
6      Q.  Well, Aisha lived with you in the home.
7  That's what I'm getting at.  Right?
8      A.  Yes, she lived with me.
9      Q.  That was 50 Emma Street, Payette; right?
10      A.  Correct.
11      Q.  Okay.  Did you provide Aisha food?
12      A.  Absolutely.
13      Q.  Did you provide her the means for clothing?
14      A.  Yes.
15      Q.  Did you provide her transportation?
16      A.  Yes.
17      Q.  At the appropriate age, 14 or 15, did she get
18  a driver's license?
19      A.  No.
20      Q.  Did she ever get a driver's license?
21      A.  No.
22      Q.  Who paid the utilities on the home?
23      A.  I did.
24      Q.  So you paid the garbage?  Yes?
25      A.  Yes.

Page 24

1      Q.  You paid the water?
2      A.  Yes.
3      Q.  The sewer?
4      A.  Correct.
5      Q.  The electricity?
6      A.  Yes.
7      Q.  Did it have gas?
8      A.  No.
9      Q.  So you paid all those utilities, and Aisha
10  benefited from that; correct?
11      A.  Yes.
12      Q.  Did you provide Aisha healthcare?
13      A.  Yes.
14      Q.  Did you provide insurance, health insurance
15  for her?
16      A.  Yes.
17      Q.  Did you pay her medical bills?
18      A.  Yes.
19      Q.  Did you pay Aisha's school fees and dues?
20      A.  Yes.
21      Q.  Was she involved in any clubs, sports or other
22  extracurricular activities?
23      A.  Girl Scouts and dance.
24      Q.  Did you pay the fees and costs for those
25  activities?

Page 25

1      A.  And I was very involved in them as well, yes.
2      Q.  Okay.  Now, as I read the divorce decree, it
3  requires that if one of the parents moves more than 100
4  miles away, that parent is obligated to pay child
5  support; correct?
6      A.  I'm sorry.  Could you repeat that.  I had a
7  call come in and it muted you.
8      Q.  As I read the divorce decree, Exhibit 4, it
9  provides that if one person moves more than 100 miles
10  away, it requires that person to pay child support;
11  correct?
12      A.  Correct.
13      Q.  All right.  I've received some documents, not
14  in full scope, but I have received some documents that
15  show that your ex-wife continued to make the payments on
16  the LoanCare loan on the home; correct?
17      A.  Yes, she did.
18      Q.  I had a telephone conversation with Mr. DeFord
19  in January, January 24th to be exact, and he said that
20  you said that the ex-wife's house payments were in lieu
21  of the ex-wife's child support obligations.
22      A.  In part, yes.
23      Q.  Is that true?
24      A.  Yes.
25      Q.  So were you aware you could have gone back

In Re: Garth D. Olson, debtor

Garth D. Olson
April 12, 2022

Page 26

1 into court in the divorce case and said, We have had a
2 significant change of circumstances. I want my ex-wife
3 to now pay child support. Were you aware you could have
4 done that?
5     A. Not really.
6     Q. Okay.
7     A. We were amicable. We both cared about our
8 kids.
9     Q. I'm not suggesting you weren't amicable. I'm
10 just saying, in a divorce situation when there is a
11 significant change of circumstances, one side or the
12 other can go into court and say, Court, judge, there has
13 been a change in circumstances. We want to change such
14 and such --
15     MR. CLARK: I'm going to object for a minute
16 because Mr. Manwaring keeps interrupting the witness and
17 not letting him answer the question. He was trying to
18 answer because you are trying to change gears.
19     MR. MANWARING: I'm not trying to interrupt
20 him at all.
21     MR. DeFORD: I have a further objection too,
22 and that's asking my client for a legal conclusion that
23 he has already said he doesn't know.
24     Q. (BY MR. MANWARING) At any rate, Mr. Olson,
25 you didn't go into court and ask for any change in the

Page 27

1 divorce decree; correct?
2     A. No, I did not.
3     Q. So my understanding is you, being amicable
4 with your ex-wife, you didn't make a problem out of her
5 not paying child support because she was making the
6 house payments; correct?
7     A. Correct. And the house, being so big and old
8 and the furnace is from 1983 as well, it was an
9 expensive house to maintain. So it's not like I was
10 getting on the cheap. And my daughter had extensive
11 medical bills, and I covered 100 percent of it. I
12 didn't get any help.
13     Q. Is this Aisha?
14     A. Yes; correct.
15     Q. Without getting too personal, can you describe
16 what kind of health issues she had?
17     A. Primarily mental health.
18     Q. Is she living with you in the house now?
19     A. She moved in with her sister.
20     MR. MANWARING: All right. I think that's all
21 the questions I have. I think Trustee Kurtz may want to
22 ask some questions.
23     Do you have some questions there, Mr. Trustee?
24     MR. KURTZ: I have a question.
25

Page 28

1               EXAMINATION
2 QUESTIONS BY MR. KURTZ:
3     Q. Mr. Olson, in the divorce decree, it states --
4 and I forget which exhibit that is -- but it states in
5 section I, it talks about how, it says: "Said real
6 property should be awarded to the Defendant, subject to
7 any liens now existing on said property, including the
8 mortgage with Bank of America."
9     Then it says: "Defendant shall be required to
10 refinance the mortgage on said real property as soon as
11 reasonably possible in order to release the Plaintiff
12 from financial obligation for loans and liens secured by
13 the property."
14     I guess my question is: Why did the court
15 word it in such a way when it said that "said real
16 property should be awarded"? He didn't say "shall." He
17 said "should be awarded."
18     A. I do not know. We had only one lawyer, and I
19 told him that I was going to be fair and equitable with
20 my ex by dividing the property equally. She agreed to
21 that. I showed it to him. And I said, She gets the
22 house. That is the agreement. I get my retirement.
23 She gets the house.
24     And with that, he worded it in that manner,
25 and I said, Is there going to be a time limit on this or

Page 29

1 anything? He said, No. Whenever she puts it in her
2 name, you have to quit deed it. That's what I was told.
3     And, again, being amicable has come back to
4 bite us. But we didn't have a reason to -- we were
5 never going to hurt each other on this. I know that
6 sounds odd in a divorce, but we don't necessarily get
7 along but we don't hate each other either.
8     So I didn't need to -- I didn't need to make
9 life hard on her. For whatever reason, she made this
10 choice to go to Michigan to work. She could have worked
11 in Nampa and made as much. I don't know why she didn't
12 do that, but she didn't. And she has been maintaining
13 the house by working almost three jobs, and 7 days a
14 week. It's insane what she has done to keep that house.
15     But I won't pay for it. I have no desire to
16 keep that house. I have wanted her to sell it, but
17 she's been unable to put it in her name. Because of her
18 job schedule, she doesn't have a truly steady paycheck.
19 It's an hourly job, almost like a piece rate. And so
20 they wouldn't qualify her for a loan, try as I might.
21     Q. I see. I'm not asking you for a legal
22 conclusion, Mr. Olson, by any means.
23     But then as it states in the divorce decree,
24 it says: Defendant shall be required to refinance the
25 mortgage on said real property as soon as reasonably

In Re: Garth D. Olson, debtor

Garth D. Olson
April 12, 2022

---

Page 38

1   questions.
2
3        FURTHER EXAMINATION
4   QUESTIONS BY MR. MANWARING:
5   Q.  Mr. Olson, Jed Manwaring again.
6        So your daughter Aisha turned 19 in July of
7   2021; correct?
8   A.  Correct.
9   Q.  So the obligation, to the extent it existed
10  for child support, expired last July; correct?
11  A.  Correct.
12  Q.  And so from November 2013 through July 2021
13  your ex-wife paid you no child support.
14  A.  Correct.
15      MR. MANWARING: All right.  Thank you.
16      I need a copy in a reduced format and regular.
17  I don't think you need to do the exhibits, just the
18  transcript.
19      MR. BLAIR: I would like a digital copy,
20  please.  No exhibits.
21      (Examination concluded at 11:00 a.m.)
22
23
24
25

---

Page 39

1            REPORTER'S CERTIFICATE
2        I, BEVERLY BENJAMIN CSR No. 710, Certified
3   Shorthand Reporter, certify:  That the foregoing
4   proceedings were taken before me at the time and place
5   therein set forth, at which time the witness was put
6   under oath by me;
7        That the testimony and all objections made were
8   recorded stenographically by me and transcribed by me or
9   under my direction;
10       That the foregoing is a true and correct record
11  of all testimony given, to the best of my ability;
12       I further certify that I am not a relative or
13  employee of any attorney or party, nor am I financially
14  interested in the action.
15       IN WITNESS WHEREOF, I set my hand and seal this
16  19th day of April 2022.
17
18
19
20
21       BEVERLY A. BENJAMIN, CSR No. 710
22       Notary Public
23       P.O. Box 2636
24       Boise, Idaho 83701-2636
25

---