UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>GARTH D. OLSON,<br><br>    Debtor. | Case No. 19-01285-NGH<br><br>Chapter 7 |
| TIMOTHY R. KURTZ,<br><br>    Plaintiff,<br><br>v.<br><br>GARTH D. OLSON, JEDILYN F. OLSON, LOANCARE LLC, NEWREZ LLC,<br><br>    Defendants. | Adv. No. 22-06005-NGH |

## MEMORANDUM OF DECISION

The chapter 7[1] trustee, Timothy Kurtz ("Trustee"), commenced this adversary proceeding against Jedilyn Fernandez ("Defendant") seeking authorization to sell certain real property Trustee argues she co-owns with debtor Garth Olson ("Debtor"). The matter was tried on May 16, 2023, after which the Court took the issues under

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

advisement. The Court has now considered the testimony and evidence presented, the briefs and arguments of the parties, and the applicable law. This Memorandum contains the Court's findings of fact and conclusions of law. *See* Fed. R. Bankr. P. 7052.

**BACKGROUND**

While married, Debtor and Defendant acquired community real property (the "Property") in Payette, Idaho. The parties later obtained an amicable divorce, and the jointly drafted Decree of Divorce ("Divorce Decree") included the following provisions pertaining to the Property:

> During the course of the marriage, [Debtor] and [Defendant] acquired community real property located at 50 Emma Street, Payette, Idaho. Said real property should be awarded to [Defendant], subject to any liens now existing on said property, including the mortgage with Bank of America. [Defendant] shall be required to refinance the mortgage on said real property as soon as reasonably possible in order to release [Debtor] from financial obligation for loans and liens secured by the property. In the event that [Defendant] becomes delinquent by more than 60 days on said mortgage while [Debtor] remains liable for the mortgage, then [Defendant] shall surrender said property to [Debtor] upon demand by him. [Debtor] shall execute a quitclaim deed to [Defendant] for said property upon satisfaction and payment of indebtedness which obligates [Debtor].

Ex. 106.

After the divorce was finalized, Defendant moved to Michigan, and with Defendant's permission, Debtor moved back into the Property. Although she tried, Defendant was unable to refinance the mortgage encumbering the Property in the approximately ten years since the divorce. Defendant, however, diligently made the

MEMORANDUM OF DECISION - 2

mortgage payments and has not been delinquent.  Debtor listed the Property on his Schedule A/B when he filed for bankruptcy and claimed it as exempt on his Schedule C.[2]

**DISCUSSION AND DISPOSITION**

This case hinges on Debtor's interest in the Property following entry of the Divorce Decree.  Section 363(h) permits a bankruptcy trustee to sell both the estate's interest and a co-owner's interest in property in which the debtor had, as of the petition date, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, if certain elements are met.  Trustee argues that since Defendant never refinanced the mortgage encumbering the Property, Debtor maintained an ownership interest in the Property that became property of the estate once Debtor filed bankruptcy.  Defendant disagrees and argues the Property is not property of the bankruptcy estate because the Divorce Decree divested Debtor of his ownership interest in the Property.

A.   **Property of the Estate**

Section 541 defines property of a debtor's estate as "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  However, as to "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, . . ." the bankruptcy estate acquires only that legal title and not "any equitable interest in such property that the debtor does not hold."  11 U.S.C. § 541(d).  While defining property of the estate is a matter of

---

[2] After Trustee filed this adversary proceeding, Debtor waived the claimed homestead exemption in the Property and stipulated that he would not oppose Trustee's efforts to obtain a § 363(h) judgment authorizing the sale of all interests in the Property.  *See* Doc. No. 20 in this adversary proceeding; Doc. No. 78 in Case No. 19-01285-NGH.

MEMORANDUM OF DECISION - 3

federal law, the nature and extent of a debtor's interest in property is determined by state law. *Butner v. United States*, 440 U.S. 48, 55 (1979); *Foothill Capital Corp. v. Clare's Food Mkt., Inc. (In re Coupon Clearing Serv., Inc.)*, 113 F.3d 1091, 1099 (9th Cir. 1997).

Under Idaho law, a state court has the power to divide the community property between spouses upon termination of the marriage. Idaho Code § 32-712. "Parties to a divorce 'have a right to have their respective interests in their property after they are divorced, definitely and finally determined in the decree which divorces them,' so that the prospect of future litigation is less likely." *Chavez v. Barrus*, 192 P.3d 1036, 1044 (Idaho 2008) (quoting *Shaffer v. Shaffer*, 262 P.2d 763, 764 (Wash. 1953)).

Trustee argues the Divorce Decree only divests Debtor of his interest in the Property once Defendant successfully refinances the mortgage encumbering the Property and Debtor executes a quitclaim deed conveying his interest in the Property to Defendant. In support of this argument, Trustee points to the vesting deed for the Property that still lists both Debtor and Defendant as owners.

Trustee's interpretation of the relevant language in the Divorce Decree is not persuasive. His interpretation of the Divorce Decree would leave the parties in much the same position as they were in prior to the divorce. In other words, both Defendant and Debtor would maintain an undivided interest in the Property. This interpretation is not consistent with the policy that parties have a right to have their respective interests in their property after they are divorced, definitely and finally determined in the decree that divorces them. A more compelling interpretation of the relevant language is that the

MEMORANDUM OF DECISION - 4

Divorce Decree awarded the Property to Defendant, while Debtor retained only bare legal title.

As noted above, § 541(d) excludes from property of the estate any property in which the debtor holds only legal title and not an equitable ownership interest. This Court applied § 541(d) to a divorce decree that awarded a vehicle to a non-debtor spouse prior to a bankruptcy. *Fitzgerald v. FMC Emp. Fed. Credit Union (In re Petersen )*, 98.1 I.B.C.R. 12 (Bankr. D. Idaho 1998). In that case, the Court concluded that the fact that the debtor's name was still listed on the certificate of title for the vehicle after the divorce evidenced the debtor held only bare legal title to the vehicle, which was excluded from property the estate. *Id*. at 13.

A similar result is required in this case. While the Divorce Decree could have been more artfully drafted, the Court concludes, based on the content and structure of the Divorce Decree, that Defendant received the legal and equitable interest in the Property.[3] Debtor, in contrast, retained only a bare legal interest despite the fact that his name appears on the vesting deed in the real property records and no subsequent quitclaim deed was signed or filed. The Divorce Decree altered the rights of Debtor and Defendant in the Property. It contained a provision to divest Debtor of his legal title if or when the joint mortgage debt was satisfied. In addition, it contained a provision that would permit

---

[3] While this conclusion stems from the Divorce Decree itself, it is worth noting that both Debtor and Defendant also testified that it was the parties' intent that Defendant own the Property. As noted in *Chavez*, 192 P.3d at 1043, "[i]n interpreting a deed of conveyance, the primary goal is to seek and give effect to the real intention of the parties." (quoting *C&G, Inc. v. Rule*, 25 P.3d 76, 78 (2001)). Thus, both the Divorce Decree and the testimony are consistent; Defendant was awarded the Property.

MEMORANDUM OF DECISION - 5

Debtor to reclaim an equitable interest in the Property, but only if Defendant became more than 60 days delinquent on the mortgage encumbering the Property and Debtor demanded the Property from Defendant.  Neither such contingency occurred.  The existence of the latter provision illustrates that, after the divorce, Debtor did not own both the legal and equitable interests in the Property until those contingencies occurred.

Like in *Fitzgerald*, the Divorce Decree controls, and it altered the parties' ownership interests in their respective assets, including the Property.  Thus, Debtor's resulting bare legal interest in the Property is excluded from property of the estate pursuant to § 541(d).  Since the Property is not estate property, Trustee has no authority to sell the Property pursuant to § 363.

**CONCLUSION**

For the reasons set forth above, the Court concludes the Property is not property of the bankruptcy estate and Trustee cannot sell the Property pursuant to § 363.  Judgment will therefore be entered for Defendant.

DATED:  June 2, 2023



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 6